UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIEFER ABRAHAM VAN DER MERWE,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondent.

CASE NO. 2:26-cv-04178-BAT

**ORDER GRANTING PETITION AND DIRECTING RELEASE**

The Court **GRANTS** Petitioner's 28 U.S.C. § 2241 petition for writ of habeas corpus and **ORDERS** Respondents to release him from immigration custody.

Petitioner, a citizen of Eswatini, entered the country in 2011 on a student visa. Although the visa was terminated in 2014, Petitioner remained in the country and has been arrested five times and has been convicted of several misdemeanor offenses. On August 6, 2026, Petitioner was arrested in Anchorage, Alaska and was transported to the Northwest ICE Processing Center. On October 27, 2026, Petitioner filed the present habeas petition and moved for a custody redetermination. On November 3, 2026, an immigration judge (IJ) conducted a bond hearing and denied bond on the grounds Petitioner was not a danger; Petitioner waived appeal of this decision.

Respondents do not contest the Court's authority to grant Petitioner's writ of habeas

corpus but argue Petitioner's detention is governed by 8 U.S.C. § 1226(a), and the Court should deny the habeas petition because (1) Petitioner has failed to exhaust his administrative remedies, and (2) Petitioner's detention does not violate his due process rights in view of the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)

The exhaustion requirement is prudential for habeas claims, *Arango Marquez v. I.N.S.*, 346 F.3d 892, 897 (9th Cir. 2003)), and may be required when (1) agency expertise makes agency consideration necessary to create a record to reach a proper decision; (2) relaxation of the requirement would encourage deliberate bypass of administrative remedies; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. Here, an administrative appellate record is unnecessary to resolve this habeas challenge; waiver of exhaustion will not encourage the deliberate bypass of the administrative scheme for future cases, the Court's ruling will resolve Petitioner's individual claim; and where the agency's position on the present issue is already set, and recourse to administrative remedies would be futile. The Court accordingly waives prudential exhaustion.

Respondents argue Petitioner received all the process he was due under the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Under *Mathews*, the Court evaluates (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335.

The first factor favors Petitioner. He has lived in the country since 2011 and has a substantial a liberty interest in remaining free from detention. The Court finds the expiration of

Petitioner's student visa and his continued residence in the country does not diminish his liberty to such an extent that the factor favors Respondents.

The second factor, risk of erroneous deprivation, tends to favor Petitioner as has lived in the country for 15 years and was gainfully employed when he was arrested. Individuals at his employment and citizen relatives vouch for Petitioner and are willing to support him. Petitioner is married and although he and his wife are separated, his wife supports his release as they share a child who is a citizen. Petitioner has misdemeanor criminal convictions the most recent occurring two years ago. Since then, he has remained employed with no further indication of criminal activity. Respondent argues Petitioner has been provided all the process he is due, but his August 2026 arrest without notice or a predetention hearing contradicts this. Respondents also suggest the risk of erroneous detention is low because an IJ denied Petitioner bond but there is no written order setting forth the IJ's denial or whether the IJ considered the evidence presented by Petitioner in support of detention which was substantial, relied upon evidence supports a reasoned connection or nexus for the IJ's danger to the community finding, or properly considered the factors listed in *Matter of Guerra*, 24 I & N Dec. 37, 40 (BIA 2006). The Court accordingly finds the second factor tends to favor Petitioner or at most is neutral based on the record.

The third and final factor, the government's interest in continuing to detain Petitioner, is low. There is no indication or evidence Petitioner will flee or obstruct any removal effort and there is little evidence to show Petitioner, who was employed at the time of arrest, and who had not criminal contact for two years poses a danger to the community. As all or most of the *Mathews* factors favor Petitioner, the Court accordingly **ORDERS**:

1. The petition for writ of habeas corpus, Dkt. 1, is **GRANTED**.

2. Respondents shall **RELEASE** Petitioner from custody within 24 hours of the filing of this order and return his personal property. Respondents shall **CERTIFY** Petitioner has been released within 48 hours of the filing of this order.

3. Respondents shall not redetain Petitioner without first providing him adequate written notice of the grounds for redetention and a predetention hearing before a neutral decision maker at which time the government will bear the burden to prove Petitioner is a danger to the community or a risk of flight. This condition does not apply to redetention which is statutorily mandatory under 8 U.S.C. 1226 (c).

DATED this 23rd day of November, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge